NO. 07-09-0076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2009

______________________________


TERRILL E. CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2719; HONORABLE STUART MESSER, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Terrill E. Cruz, was convicted by a jury of
aggravated assault with a deadly weapon. Punishment was assessed at twenty years
confinement and a fine of $10,000. When the clerk’s record was filed, it came to the
Court’s attention that it did not contain a Trial Court’s Certification of Defendant’s Right of
Appeal as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure. 
By letter dated February 27, 2009, the trial court and the trial court clerk were notified of the
defect and given thirty days to correct the deficiency. In response, a supplemental clerk’s
record was filed containing the certification. However, the certification is not signed by
defendant as required by Rule 25.2(d).



          Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a proper Trial Court’s Certification of Defendant’s Right of Appeal in compliance with Rule
25.2(d). Once properly completed and executed, the certification shall be included in a
supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause the
supplemental clerk's record to be filed with the Clerk of this Court by April 23, 2009. This
order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate
Procedure, of the defective certification. If a supplemental clerk’s record containing a proper
certification is not filed in accordance with this order, this matter will be referred to the Court
for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
 
Do not publish.



o much damn money,” and 3) he was not addicted but “caught up in the
money of it.”


 These admissions were enough to connect the accused to the crime. 
          Issue 1 - Sufficiency of the Evidence
          In this issue, appellant challenges the factual sufficiency of the evidence. We
overrule the point. 
          To obtain a conviction for engaging in organized crime, the State had to prove that
the accused 1) with intent to establish, maintain, or participate in a combination or in the
profits of a combination, 2) committed or conspired to commit one or more predicate
offenses. Tex. Pen. Code Ann. §71.02(a) (Vernon Supp. 2008). The word “combination”
is defined as 
three or more persons who collaborate in carrying on criminal activities
although . . . 1) [the] participants may not know each other’s identity; 2)
membership in the combination may change from time to time; and 3) [the]
participants may stand in a wholesaler-retailer or other arm’s-length
relationship in illicit distribution operations.

Id. §71.01(a) (1), (2), & (3) (Vernon 2003). This definition has been interpreted to obligate
the State to prove not only that the accused intended to establish, maintain, or participate
in a group of three or more but also that the members of the group intended to work
together in a continuing course of criminal activities. Dowdle v. State, 11 S.W.3d 233, 236
(Tex. Crim. App. 2000). Furthermore, “conspiring to commit” means that a person agrees
with one or more persons that they or one or more of them engage in conduct that
constitutes the offense and that person or one or more of them performs an overt act in
pursuance of the agreement. Tex. Pen. Code Ann. §71.01(b) (Vernon 2003). Such an
agreement may be inferred from the acts of the parties. Id. 
          Here, the persons other than appellant named in the combination were Anthony
Drager (Drager), Darlene Shepic (Shepic), Bobby Russell (Russell), Crystal Drager
(Crystal), and Ann Marie Adkins (Adkins). Appellant concedes that there was
overwhelming evidence that Drager was involved in the sale and trafficking of drugs, but
claims there was no evidence that he was involved in Drager’s business or criminal activity.
          Admittedly, the credibility of the persons alleged to have been involved in the
conspiracy as well as other persons who bought drugs from Drager was in dispute. 
However, there was evidence that 1) Kristopher Compton saw appellant at Drager’s
several times and inferred appellant was either buying or selling methamphetamine from
negotiations that he overheard, 2) Compton also saw appellant pick up a bag of what he
believed to be a couple of grams of methamphetamine from Drager’s kitchen table, 3) Lisa
Bailey heard Drager discuss appellant in reference to getting money to pay appellant and
she believed that to be for drugs, 4) Jason Roberts testified that Drager made reference
to having to meet up with “Carl” (appellant’s first name) to get his supply of
methamphetamine, 5) Shepic, Drager’s sister, testified that appellant used to sell
methamphetamine to her brother and then later her brother sold methamphetamine to
appellant, 6) Shepic would overhear appellant and Drager talking about as much as a
quarter ounce up to a quarter pound of methamphetamine and she stated there was an
agreement between them to distribute methamphetamine, 7) Crystal gave a statement in
which she said that appellant would get an ounce of “ice” every couple of days from
Drager, 8) Adkins testified that appellant sold drugs with Drager, would get drugs everyday
from Drager, and delivered drugs to Dalhart and other places, 9) Adkins testified that drug
transactions involving her, Shepic, Russell, and appellant all benefitted Drager because
the money flowed up, and 10) Agent Bill Redden testified that he listened to telephone calls
made by Drager in jail, and he stated that Drager said that the police were trying to shut
him and Carl down and Drager gave instructions for Carl to collect debts. Nor can we
forget appellant’s own admissions cited in issue one above; he was “caught up in the
money of it” and many people owed him money.
          Any conflicts in the testimony regarding appellant’s guilt were for the jury to resolve. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jurors were free to
believe the foregoing evidence which, in turn, was enough to insulate the verdict from any
attack founded upon the factual sufficiency of the evidence. Simply put, the verdict was
neither founded on weak evidence nor evidence overwhelmed by exculpatory testimony. 
Thus, it was not manifestly unjust.
          Issue 3 - Ineffective Assistance of Counsel
          Finally, appellant claims his counsel was ineffective in failing to object to the
indictment. We overrule the issue.
          To prevail on such a claim, appellant had the burden to prove not only that his
counsel’s performance was deficient but that he was prejudiced by that deficient
performance. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). Both
prongs of the test must be firmly founded in the record. Id. at 813. 
          In the first count of the indictment, the predicate offense was possession with intent
to deliver methamphetamine. Appellant argues that the indictment should have alleged
that appellant committed or conspired to commit unlawful possession of a controlled
substance “through forgery, fraud, misrepresentation, or deception.” See Tex. Pen. Code
Ann. §71.02(a)(5) (Vernon Supp. 2008) (stating that a person commits an offense if, with
the intent to establish, maintain, or participate in a combination or in the profits of a
combination, he commits or conspires to commit unlawful manufacture, delivery,
dispensation, or distribution of a controlled substance or dangerous drug, or unlawful
possession of a controlled substance or dangerous drug through forgery, fraud,
misrepresentation, or deception). Because it did not, according to appellant, the indictment
did not allege an offense under the statute and appellant’s counsel should have objected. 
  
          The argument that the indictment should have included the missing passage was
rejected in Utsey v. State, 921 S.W.2d 451, 457 (Tex. App.–Texarkana 1996, pet. ref’d). 
The argument having been rejected, trial counsel was not obligated to tilt at windmills by
including it in a motion to dismiss to be effective. 
          Having overruled all of appellant’s issues, we affirm the judgment. 
 
                                                                           Brian Quinn
                                                                          Chief Justice



Do not publish.